IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Willie Joe Sturkey, #146039, ) | |
| ) | Civil Action No. 8:07-3296-MBS-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Jon Ozmint, *et. al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' motion for summary judgment [Doc. 29] and the plaintiff's motion for hearing [Doc. 47]. The plaintiff alleges that he has been denied due process of law in regards to a disciplinary hearing and further that he was denied access to the courts.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

## APPLICABLE LAW

**LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT**

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*,

404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A pro se complaint, "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (U.S. 1976). A court may not construct the petitioner's legal arguments for him. *See Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is

2

deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or

unnecessary will not be counted." *Anderson*, 477 U.S. at 248.  Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

At all times relevant to this action, the plaintiff was an inmate housed at Kirkland Correctional Institution.  He is serving a fifteen (15) year sentence for strong arm robbery.  On August 6, 2006, the plaintiff was placed in Kirkland Correctional Institution's Prehearing Detention ("PHD") after his cellmate complained that the plaintiff had threatened him with a razor blade.  (Ball Aff.; Latta Aff.)  After an investigation, no charges were filed and on September 14, 2006, Sturkey was returned to his previous custody status in the Reception and Evaluation Center.  *Id*.

On May 18, 2007, the plaintiff was charged with possession of contraband. (*See* Latta Aff. *Ex.* SCDC Incident Report.)  A disciplinary hearing was held on June 4, 2007.

(See Latta Aff. Ex. SCDC Disciplinary Report and Hearing Record.) The plaintiff was convicted of possession of contraband and sentenced to administrative segregation. *Id*.

The plaintiff contends that he was not provided due process at the disciplinary hearing. He further contends that he requested certain legal supplies but was denied them. The Court will consider his claims in turn.

**I.     Denial of Due Process**

As stated, the plaintiff contends that he was placed "on PHD (administrative segregation)" for approximately 65 days without being accorded due process of law. Specifically, the plaintiff alleges the following due process violations: (1) inadequate notice of charges against him; (2) inadequate notice of hearing; (3) inadequate disciplinary report; (4) denial of right to testify; (5) denial of right to present witnesses; and (6) lack of explanation of his right to present evidence. The plaintiff also complains that the defendants violated his due process rights by failing to adhere to SCDC policies in consideration of his appeal of the disciplinary decision.

It is true that disciplinary hearings which implicate a protected liberty interest demand due process. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). In *Wolff*, the United States Supreme Court held that where a disciplinary hearing affects a liberty interest, such as good-time credits, inmates must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense;

5

and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563-567.

There has been no allegation or representation made to the Court that the plaintiff lost any good-time credits as a result of the disciplinary action.

The Supreme Court, however, has specifically rejected that disciplinary hearings which result *in placement in administrative segregation*, as opposed to loss of good-time credits, necessarily implicate a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 486 (1995). Only where the administrative segregation presents a "type of atypical, significant deprivation," will due process be required. *See id*. Consistent with the Supreme Court, the Fourth Circuit has consistently found that administrative segregation is simply not an atypical or significant hardship in relation to the ordinary incidents of prison life. *See McNeill v. Currie*, 84 Fed. Appx. 276 (4th Cir.2003); *Beverati v. Smith*, 120 F.3d 500, 503-04 (4th Cir.1997)); *Backey v. South Carolina Dept. of Corrections*, 1996 WL 1737, at *1 (4th Cir. January 03, 1996); *Joseph v. Gillespie*, 1995 WL 756280, at *1 (4th Cir. December 21, 1995). This is true even when the conditions are extremely harsh.

In *Beverati*, the Fourth Circuit went so far as to hold that, even if inmates placed in administrative segregation (1) find their cells infested with vermin, smeared with human feces and urine flooded with water, and unbearably hot; (2) received food cold and in small portions; (3) infrequently received clean clothing, linen, and bedding; (4) were only permitted to leave their cells three to four times per week, and (5) were denied

6

outside recreation, educational, or religious services, the conditions in administrative segregation were still not so atypical that exposure to such conditions over a six month period imposed a significant hardship. *Beverati*, 120 F.3d at 504.

Here, the plaintiff has not alleged or produced evidence of any atypical hardship related to his administrative segregation. He alleges simply that he was not given certain incidents of due process, when the decision was made. While he contends that he was denied outdoor recreation for the duration of his time in administrative segregation – roughly 65 days – the inmates in *Beverati* were likewise denied outdoor recreation over a 6 month period and also suffered other substantially more burdensome prison conditions not present here. *See id.* If such a range of conditions in *Beverati* did not implicate a liberty interest, then denial of outdoor recreation, alone, to the plaintiff in this case, even for 65 days, does not convert the hardship of administrative segregation into an atypical and significant one.[1]

---

[1] The denial of recreation allegations arise in the context of the plaintiff's due process claim. To the extent he intended a separate Eighth Amendment claim based on the same predicate facts, for cruel and unusual punishment, that claim, too, must fail.

The Court is mindful that, in general, prisoners should be permitted some regular out-of-cell exercise. *See Mitchell v. Rice*, 954 F.2d 187, 191-192 (4th Cir.1992). But, no such right exists unfettered. The Fourth Circuit Court of Appeals has explained, "[W]e have never held that denial of out-of-cell exercise opportunities is per se unconstitutional cruel and unusual punishment." *Id*. at 191. It is a "totality of conditions" analysis. *Id*.

In this case, the plaintiff lost the privilege of outdoor recreation as a part of the discipline imposed. Such is not objectionable for the period of time alleged, under the circumstances. See *Beverati*, 120 F.3d at 504.

Moreover, the plaintiff has "come forward with no evidence that he has sustained any serious or significant physical or emotional injury as a result of these conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993). His mere allegations are insufficient.

Moreover, violations of the defendants' own disciplinary policies, if any, do not constitute a due process violation, as the plaintiff would contend.  In *Sandin*, the Supreme Court expressly abandoned any due process inquiry, which would emphasize analysis of the mandatory nature of prison policies, for one that considers exclusively the liberty interest affected.  *See Sandin*, 515 U.S. at 485-86.  Accordingly, any violations of SCDC policy in considering the plaintiff's appeal of the disciplinary decision are of no moment.  The plaintiff's reliance on mandatory language in various policies and the Supreme Court decision in *Hewitt v. Helms* 459 U.S. 460 (U.S. 1983), *receded from by Sandin*, is unavailing.

Ultimately, "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law."  *Id*. at 485.  Because such discipline is contemplated by the sentence itself, administrative segregation is simply not the type of hardship which elevates the plaintiff's condition of confinement to a protected liberty interest, thereby, mandating due process.  *See id*. at 486.

The plaintiff has not alleged any atypical hardship nor does his situation "present a case where the State's action will inevitably affect the duration of his sentence."  *Id*. at 487.  The plaintiff complains solely about placement in administrative segregation.  If any good time credits were affected, neither the plaintiff nor the defendants have stated it.  In sum, the Court concludes that viewing the conditions of confinement in the light most favorable to the plaintiff, the conditions do not implicate a liberty interest. And, because

8

he possessed no liberty interest in avoiding confinement in administrative segregation, his due process claim should be dismissed.

## II. Access to the Courts

The plaintiff lastly contends that he was denied certain legal supplies. The plaintiff never specifies what those supplies were. Nor does he explain how he was allegedly prejudiced by the denial of them.

In *Bounds v. Smith*, 430 U.S. 817, 828 (1977), the United States Supreme Court held prisoners have an absolute right to access to the courts, both to allow them to attack their convictions and to file other lawsuits. *Bounds*, however, merely requires that the right of access to the courts not be impeded. The right of access to the courts is the "right to bring to court a grievance that the inmate wished to present," and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In order to make out a *prima facie* case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir.1996); *see also White v. White*, 886 F.2d 721, 723-24 (4th Cir. 1989). A plaintiff must demonstrate that the defendants caused actual injury, such as the late filing of a court document or the dismissal of an otherwise meritorious claim. *Lewis*, 518 U.S. at 353-54.

Here, the plaintiff has not alleged any actual injury as a result of the alleged denial of legal supplies. There is no contention that he missed a filing deadline or was

9

otherwise not able to prepare his legal materials. Absent such a showing, the plaintiff is not entitled to the relief he seeks. See Cochran, 73 F.3d at 1317. Accordingly, the plaintiff has failed to state a claim of denial of access to the courts and the defendants' motion for summary judgment should be granted on this claim. See id. (dismissal of access to court claim proper where inmate relied on conclusory allegations and failed to identify any actual injury).

For all of these same reasons, a hearing, as requested by the plaintiff, is unnecessary.

## CONCLUSION

Wherefore, based upon the foregoing, it is recommended that the defendants' motion for summary judgment [Doc. 29] should be GRANTED. It is further recommended that the plaintiff's motion for hearing [Doc. 47] should be DENIED.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

July 2, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).