IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Willie Joe Sturkey, #146039, ) | |
| ) | C/A No. 8:07-3296-MBS |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **O R D E R   A N D** |
| Jon Ozmint, Director; Warden McKie ) | **O P I N I O N** |
| Warden Riley; Major Latta; Lt. Bates; ) | |
| Lt. Ball; D.H.O. R.L. Turner; M. Fowler, ) | |
| IGC; and Ms. Middlebrook; in their ) | |
| official and individual capacity, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This is an action brought by Willie Joe Sturkey ("Plaintiff") against Jon Ozmint, Director of the South Carolina Department of Corrections ("SCDC") and seven employees of the Kirkland Correctional Institution ("Defendants") pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants denied him due process when they placed him in administrative segregation "for about 65 days without being adequately informed of the charge or hearing with undue delay." Plaintiff's Pro Se Complaint, p. 4.

This matter is before the court on Defendants' motion for summary judgment (Entry 29), which was on February 14, 2008. On February 15, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), an order was issued advising Plaintiff of the summary judgment procedure and the possible consequences if he failed to respond adequately. On February 25, 2008, Plaintiff filed a motion for extension of time to respond to Defendants' motion for summary judgment, which was granted on March 6, 2008. On April 9, 2008, Plaintiff filed a response in opposition to the motion for summary judgment. On April 14, 2008, Plaintiff filed a motion for hearing.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on July 2, 2008, recommending that Defendant's motion for summary judgment be granted and Plaintiff's motion for hearing be denied. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation on July 21, 2008 and August 26, 2008. Defendant's filed a reply on September 19, 2008. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

The facts are set forth fully in the Magistrate Judge's Report. Briefly, , Plaintiff was placed in Kirkland Correctional Institution's Prehearing Detention Center on August 6, 2006, after his cellmate alleged that Plaintiff threatened him with a razorblade. *Id*. at 5. After an investigation, no charges were filed. Plaintiff was returned to his previous custody status on September 14, 2006.

On May 18, 2007, Plaintiff was charged with possession of contraband. A disciplinary hearing was held on June 4, 2007. *Id*. at 4. At that hearing, Plaintiff was convicted of possession of contraband and sentenced to administrative segregation. Plaintiff contends that he was not provided with due process at that disciplinary hearing. *Id*. at 5. As an additional matter, Plaintiff contends that he was denied legal materials, such as brown envelopes and paper, to draft and mail

his communications with the court. *Id*. Finally, although it is not clear, it appears that Plaintiff is also alleging that his sixty five day term in administrative segregation for possession of contraband violated his Eighth Amendment protection against cruel and unusual punishment. (Pl.'s Resp. at 1-2).

## II. DISCUSSION

A. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown "[that] the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The moving party bears the burden of proving that there are no facts from which a jury could draw inferences favorable to the non-moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Once the moving part makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. Id. Summary judgment should only be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. McKinney v. Bd. of Trustees of Mayland Cmty. College, 955 F.2d 924, 928 (4th Cir. 1992).

B. Plaintiff's Due Process Claims

Plaintiff contends that he was denied due process because: (1) he was placed in Prehearing Detention's administrative segregation for sixty-five days without a hearing; (2) he received

inadequate notice of charges against him; (3) he received inadequate notice of hearing; (4) prison officials prepared an inadequate disciplinary report; (5) he was denied his right to testify; (6) he was denied his right to present witnesses; (7) he was not apprised of his right to present evidence; and (8) SCDC failed to adhere to its own policies in consideration of his appeal of the disciplinary decision.  The court disagrees.

In order to prevail on a due process claim, a prisoner must first demonstrate that he was deprived of life, liberty, or property by governmental action. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997).  In limited circumstances, states may create liberty interests that are protected by the Due Process Clause. When the punishment does not cause the original sentence to be enhanced, protected interests will be generally limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  *See Sandin v. Conner*, 515 U.S. 472 (1995).  However, prisoners do have a protected liberty interest in good-time credits.  *See also Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).

Plaintiff alleged that he lost fifty days of good time credit on June  4, 2007 when he was found in possession of contraband.  This matter is currently pending before and Administrative Law Judge.[1]  The Magistrate Judge further noted that: (1) Plaintiff has not put forth any evidence of an atypical hardship related to being placed in administrative segregation; (2) Finally, the Magistrate

---

[1] The record reflects that Plaintiff alleges he lost fifty days good time credit at his June 4, 2007, disciplinary hearing for the possession of contraband.  However, this matter is still pending before an Administrative Law Judge. (Mary Colman Aff. at 2). Therefore, this matter is not exhausted and is dismissed without prejudice. See 42 U.S.C. §1997(e) (1996).

Judge noted that SCDC's violation of its own disciplinary policies, if any, does not constitute a violation of due process. The court agrees.

In the context of administrative segregation, due process is only required when administrative segregation presents a type of atypical, significant deprivation, in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, (1995); See also Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997)(finding that six-month administrative confinement does not constitute a deprivation of that implicates due process). Plaintiff has not alleged that the conditions of administrative segregation were atypical. Rather, Plaintiff alleges that he was denied outdoor recreation for sixty-five days. Therefore, the court finds that Plaintiff's time in administrative segregation did not implicate a liberty interest. Id. (finding six-months without recreation did not implicate a prisoner's liberty interest).

The violation of disciplinary procedure rules by a prison does not constitute a violation of due process. See Sandin v. Conner, 515 U.S. 472, 483 (1995). Plaintiff's assertion to the contrary is misplaced. Therefore, the court finds that even if SCDC violated its own procedures those violations did not violate Plaintiff's right to due process. Defendants' Motion for Summary Judgment is granted as Plaintiff's due process claim.[2]

C.     Plaintiff's Denial of Access to the Courts Claim

Plaintiff contends that he was denied access to the courts because he was denied certain legal supplies for drafting legal memoranda. The court disagrees.

---

[2] The Magistrate Judge noted that Plaintiff raised denial of recreation allegations that arise in the context of the plaintiff's due process claim. To the extent he intended a separate Eighth Amendment claim based on the same predicate facts, for cruel and unusual punishment, the Magistrate Judge found and the court agrees, that claim too must fail.

In order to make out a prima facie case of denial of access to the courts, an inmate cannot rely on conclusory allegations. Rather, he must specifically allege an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996). In this case, Plaintiff alleged that Defendants deprived him of certain legal supplies. However, he does not allege that the deprivation caused him any harm, such as having a claim dismissed for missing a filing deadline. The mere fact that Plaintiff was not given legal supplies does not violate his right to have access to the courts. Id. at 1317. Plaintiff has not alleged facts sufficient to make a prima facie showing of denial of access to the court. Defendants' Motion for Summary Judgment is granted as to Plaintiff's denial of access to the courts claim.

D.   Plaintiff Objects to Magistrate Judge granting Defendants an Extention of Time to File Dispositive Motions

Plaintiff further objects to the Magistrate's Judge's order allowing Defendants to file a motion for summary judgment more than forty-five days after their answer.

The Magistrate Judge's decisions as to pre-trial matters is reviewed for clear error. 28 U.S.C. § 636 (2008). In this case, the Magistrate Judge entered a second order providing that dispositive motions must be filed within ten days. Defendants complied with that order and filed their motion for summary judgment. The court finds the Magistrate Judge's decision to grant Defendants additional time was appropriate and Defendant's motion was timely. Plaintiff appeal is denied.

### III.  CONCLUSION

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. Accordingly, the court adopts the Magistrate's Report and Recommendation and

incorporates it herein by reference. Defendants' motion for summary judgment (Entry 29) is GRANTED. Plaintiff's motion for hearing (Entry 47) is DENIED.

**IT IS SO ORDERED.**

s/Margaret B. Seymour
Margaret B. Seymour
United States District Judge

September 30, 2008
Columbia, South Carolina


**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**